# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| STEPHEN R. SMITH, | |
| Plaintiff pro se, | No. C10-4130-PAZ |
| vs. | **ORDER OF DISMISSAL** |
| QUALITY REFRIGERATED SERVICES, | |
| Defendant. | |

This matter is before the court on the defendant's amended motion to dismiss the plaintiff's amended pro se complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement under Fed. R. Civ. P. 12(e). Doc. No. 21. For the reasons discussed below, the court grants the defendant's motion to dismiss and dismisses the plaintiff's complaint without prejudice.

## BACKGROUND

On December 23, 2010, the plaintiff submitted to the court a letter, filed as a complaint, stating that "[t]his matter [against the defendant] has to do with harassment, sexual harassment, wrongfull [sic] termination, violation of my copyright, [f]ailure to [p]romote and harassment because Im [sic] handicapped, defimation [sic] of cracter [sic], lible [sic] & slander. The [sic] also hacked into my medical files." Doc. No. 1. The plaintiff attached to his letter a notice of right to sue by the Equal Employment Opportunity Commission (the "EEOC") dated September 24, 2010, notifying the plaintiff of his right to file a cause of action in state or federal court within ninety days of receiving the notice. Doc. No. 1-1.

On January 3, 2011, the court found that these documents were insufficient to commence a civil action and ordered the plaintiff to file by January 12, 2011, a complaint

complying with the Federal Rules of Civil Procedure and either to pay the filing fee or to request to proceed in forma pauperis ("IFP"). Doc. No. 2. On January 5, 2011, the plaintiff filed a defective motion to proceed IFP, which the court denied. Doc. Nos. 3, 4.

The plaintiff filed an amended complaint on January 10, 2011 (Doc. No. 6), after the court granted his amended motion to proceed IFP. Doc. No. 7. In the amended complaint, the plaintiff alleges as follows:

> I have a copyright H.P.K., Hi-Point Kid I created in 1978.
> Quality Refrigerated Services, Inc. is a Packing Plant.
> In 1978 when I created the copyright the State of IA & Voc. Rehab. told me if was [sic] ever lucky enough to get a job in a packing Plant and they fired you for what ever reason you probably never have to work again, you need a court order for piss test or drug screan [sic] test. I took 3 of them and passed everyone!
> There are lots of elegal [sic] things going on at Q.R.S.
> Harassment, sexual harassment, wrongfull [sic] termination, violations of copyrights, Failure to Promote, discrimination of handicaped [sic]. They even hacked into my medical files and defimation [sic] of cractor [sic] lible [sic] & slander.

Doc. No. 6 at 1-2.

On February 14, 2011, the defendant was served with the amended complaint. Doc. No. 10. On March 2, 2011, the defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Doc. No. 16. On March 17, 2011, the court granted the plaintiff's request to supplement the amended complaint with copies of documents (including a 1996 map of the Iowa Great Lakes region), but denied his motion for the court to appoint counsel. Doc. Nos. 17, 19, 20.

On March 18, 2011, the defendant filed an amended motion to dismiss or, alternatively, for a more definite statement. Doc. No. 21. On March 29, 2011, the plaintiff responded to the defendant's amended motion to dismiss. Doc. No. 24. In his response, the plaintiff states:

2

My father changed the name of Hi-Point to Mr. B's

H.P.K. was created to protect the name Hi-Point so knowone [sic] could us [sic] it or make a living off what Hi-Point made famous.

Judge Larson ruled my family had nothing to gain by fire, the City of Wahpeton was held responcible [sic] for the fire by failure to responed [sic] to a noize [sic] complaint by Lakeside Lab.

The Judge also said the ones who started the fire would be back to brag about it and they did.

The creators of the 1996 map saw John Welle used [sic] High-Point [sic] on his map.

D.O.T. and D.N.R. they are two of the creators on the "96" map [sic].

They knew that any copyright violation would be investigated by the state.

I had to fined [sic] the map first.

I found it in the winter of 2010.

Thats [sic] when I learned why and how it was created.

The state can investigated [sic] my former employers that have violated my copyright in the past and now.

Peggie Johnson's former employer is on the map, Stylecraft, they are one of the bussinesses [sic] that helped make that map possible.

The name Hi-Point is a comercail [sic] name not a location on a map.

The location where Hi-Point once stould [sic] is Buffalo Ridge.

Buffalo Ridge is a chain of hills that run from the Lakes area to Peterson.

I've made a living doing the things Hi-Point made famous.

Some of my former employers have no respect for my copyright.

I'm sure this court knows my copyright is good until 50 yrs. after Im [sic] dead.

Judge Larson telling everyone Don Anderson a former employee of my father would return to brag about what he had done had a great deal to do with the creation of the "96" map [sic].

When the meat slicer, meat saw and two cash registers were not to be found after the fire. The Judge knew that he'd try to make a living off Hi-Point.

Im [sic] very greatfull [sic] to everyone who help make [sic] that map a reality.

Dose [sic] Q.R.S. have somethings [sic] they don't want the state of Iowa to fined [sic] out about?

*Id.* at 1-3.

Despite having been granted leave to proceed IFP, the plaintiff paid the $350.00 filing fee on or about April 20, 2011. On April 26, 2011, upon the parties' consent, the court reassigned this case to the undersigned Magistrate Judge to conduct all proceedings in this case, including the ordering of entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and LR 73. Doc. No. 28.

On May 9, 2011, the plaintiff and counsel for the defendant appeared at a telephonic hearing on the defendant's amended motion to dismiss. At the hearing, the plaintiff told the court that he had worked for the defendant and had cut off his finger with a bandsaw at work in 2006 or 2007. According to the plaintiff, although the defendant terminated his employment on July 22, 2009, allegedly for misconduct, the defendant actually fired him because he "was going to sue" the defendant for violating his copyright of the name "Hi Point." The plaintiff also told the court that he is handicapped from birth defects, including cerebral palsy, resulting from exposure to radiation as a child, and that the defendant discriminated against him because he could not be HAZMAT certified as a result of his disability. According to counsel for the defendant, the plaintiff alleged retaliation and discrimination by the defendant on the basis of race, sex, and disability in a complaint filed with the Iowa Civil Rights Commission, which issued a determination of no probable cause on August 13, 2010. On September 24, 2010, the EEOC notified the plaintiff of his right to sue in federal court within ninety days.

## DISCUSSION

**A.     Standard of Review:  Fed. R. Civ. P. 12(b)(6)**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A civil complaint will be dismissed upon motion by a defendant if the plaintiff has failed to plead an actionable claim for relief against that defendant. Fed. R. Civ. P. 12(b)(6). To state an actionable claim for relief, a complaint must allege a set of historical facts that, if proved true, would entitle the

4

plaintiff to some legal redress against the named defendants under some established legal theory. At this stage of the litigation, the court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). In this regard, the plaintiff need not provide specific facts in support of his allegations, but he must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Schaaf*, 517 F.3d at 549 (citing *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam); *Twombly*, 127 S. Ct. at 1964-65 & n.3). Thus, to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. Although the court must accept a plaintiff's specific factual allegations as true, it is not required to accept a plaintiff's legal conclusions. *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010) (citing *Twombly*, 550 U.S. at 556). "Further, documents attached to or incorporated within a complaint are considered part of the pleadings, and courts may look at such documents for all purposes, including to determine whether a plaintiff has stated a plausible claim." *Id.* at 459-60 (citation omitted) (internal quotation marks omitted).

**B.     Analysis**

The court must dismiss the plaintiff's amended complaint because it fails to state a claim upon which relief can be granted. The plaintiff's allegations in his amended complaint of "harassment," "sexual harassment," "wrongful termination," "violations of copyrights," "failure to promote," and "discrimination on the basis of handicapped status" are legal conclusions to which no significance attaches. *See Ashcroft v. Iqbal*, 129 S. Ct.

5

1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (citations omitted) (internal quotation marks omitted)). The plaintiff does not set forth any facts in his amended complaint that demonstrate that he would be entitled to relief on any of the causes of action he alleges. These claims must, therefore, be dismissed.

In order to determine whether the plaintiff should be given another opportunity to plead his claims, the court, at the hearing on the motion to dismiss, had the plaintiff describe his claims. From this description, it is obvious that he has no claims that could survive a motion to dismiss.

The plaintiff alleged at the hearing that although the defendant purportedly fired him for "misconduct" in July 2009, the defendant actually retaliated against him because he "was going to sue" the defendant for "violating his copyright." To state a prima facie case of retaliation, however, "a plaintiff must show that (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action." *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 477 (8th Cir. 2010); *see Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011) (delineating elements of retaliation under Fair Labor Standards Act). A gap in time between the protected activity and the adverse employment action weakens an inference of retaliatory motive. *Burkhart*, 603 F.3d at 477 (noting that seven-month gap between protected activity and adverse employment action is insufficiently contemporaneous to indicate causal connection). Assuming the truth of the plaintiff's allegations, the plaintiff failed to allege facts demonstrating that he engaged in protected activity (beyond the possibility that he "was going to sue" the defendant) and that there was a causal connection between this "activity" and his termination. Even if the plaintiff had engaged in "protected activity," the plaintiff failed to show, much less allege, a temporal

6

proximity between this activity and the defendant's termination of his employment in July 2009 that would allow his retaliation claim to withstand dismissal under Fed. R. Civ. P. 12(b)(6).

The plaintiff's claim that the defendant discriminated against him on the basis of his disability likewise does not withstand dismissal. The plaintiff testified that the defendant had discriminated against him because of his lack of HAZMAT certification due to his disability, but he provided no facts to show that he was disabled within the meaning of the Americans with Disabilities Act (the "ADA"), qualified to perform the essential functions of the job, and suffered an adverse employment action because of a disability. *Cf. Duello v. Buchanan County Bd. of Supervisors*, 628 F.3d 968, 972 (8th Cir. 2010) ("A plaintiff seeking to recover under the ADA must establish a prima facie case of discrimination, that is: a disability within the meaning of the ADA; qualifications to perform the essential functions of the job, with or without reasonable accommodation; and an adverse employment action due to a disability." (internal quotation marks omitted)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully"; the mere possibility of misconduct does not suffice to show that the plaintiff is entitled to relief. *Ritchie*, 630 F.3d at 717 (quoting *Iqbal*, 129 S. Ct. at 1949) (internal quotation marks omitted). Because the plaintiff's claims of retaliation and disability discrimination do not rise above a speculative level of the possibility of misconduct by the defendant, these claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

In sum, the plaintiff's amended complaint and his hearing testimony fail to present facts that would allow the court to infer more than the mere possibility of misconduct by the defendant. Rather, the plaintiff "merely alleged, but did not show, that [he] is entitled to relief." *Ritchie*, 630 F.3d at 717. Because the plaintiff's claims do not allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," his claims lack the facial plausibility to survive dismissal for failure to state a claim upon which relief can be granted. *Brown*, 628 F.3d at 459; *see Iqbal*, 129 S. Ct. at 1949. The

7

court cannot "ignore . . . the attendant waste and expense that can be inflicted upon innocent parties by meritless claims." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 597 (8th Cir. 2009). Accordingly, the court dismisses the plaintiff's amended complaint without prejudice.

## CONCLUSION

For the reasons stated above, the defendant's amended motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 21) is **GRANTED**, and the plaintiff's amended complaint (Doc. No. 6) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 10th day of May, 2011.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT